JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| JOSEPHS, JULIE | COMMUNITY EDUCATION CENTERS, INC. d/b/a COLEMAN HALL |

| **(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA | County of Residence of First Listed Defendant    PHILADELPHIA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
|  | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| MARC A. WEINBERG, ESQUIRE, SAFFREN & WEINBERG, 815 GREENWOOD AVENUE, SUITE 22, JENKINTOWN, PA  19046; (215) 576-0100 |  |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 751 Family and Medical Leave Act | ☐ 893 Environmental Matters |
|  |  |  | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |
|  |  | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |
|  |  | ☐ 555 Prison Condition |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |
|  |  |  |  | ☐ 861 HIA (1395ff) |
|  |  |  | **SOCIAL SECURITY** | ☐ 862 Black Lung (923) |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) |  |
|  |  |  | ☐ 864 SSID Title XVI |  |
|  |  |  | ☐ 865 RSI (405(g)) |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of Civil Rights Act of 1964 and 42 U.S.C.A. Section 2000e et seq.

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   11-10-14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _8401 Lynnewood Road, Philadelphia, PA 19150_

Address of Defendant: _3950 "D" Street, Philadelphia, PA 19124_

Place of Accident, Incident or Transaction: _3950 "D" Street, Philadelphia, PA 19124_
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐   No☒

Does this case involve multidistrict litigation possibilities?       Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, _Marc A. Weinberg, Esq._, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _11-10-14_          Attorney-at-Law  _Marc A. Weinberg, Esq._          _60643_
                                                                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11-10-14_          Attorney-at-Law  _Marc A. Weinberg, Esq._          _60643_
                                                                    Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___8401 Lynnewood Road, Philadelphia, PA 19150___

Address of Defendant: ___3950 "D" Street, Philadelphia, PA 19124___

Place of Accident, Incident or Transaction: ___3950 "D" Street, Philadelphia, PA 19124___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___Marc A. Weinberg, Esq.___, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ___11·10·14___   _____ Attorney-at-Law   Marc A. Weinberg, Esq.   ___60643___ Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___11·10·14___   _____ Attorney-at-Law   Marc A. Weinberg, Esq.   ___60643___ Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JULIE JOSEPHS | : | CIVIL ACTION |
| v. | : | |
| COMMUNITY EDUCATION CENTERS, INC. d/b/a COLEMAN HALL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court.  (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　(X)

| | | |
|---|---|---|
| 11/10/14 | Marc A. Weinberg, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE JOSEPHS<br>8401 Lynnewood Road<br>Philadelphia, PA 19150 | : <br> : <br> : <br> : | |
| vs. | : <br> : | |
| COMMUNITY EDUCATION CENTERS,<br>INC. d/b/a COLEMAN HALL<br>3950 D Street<br>Philadelphia, PA 19124 | : <br> : <br> : <br> : | NO. |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff, Julie Josephs, by and through her counsel, Marc A. Weinberg,

Esquire, seeks a sum in excess of $100,000.00 in damages upon a cause of action whereof the

following is a statement.

2.      This action for declaratory, monetary and other appropriate relief is brought by

Plaintiff, Julie Josephs, to redress intentional and negligent violations by Defendant of rights

secured to the Plaintiff by the laws of the United States and the statutory and common law of the

Commonwealth of Pennsylvania.

### JURISDICTION

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331 and Section

1343, 42 U.S.C. Section 2000E-5(f)(3) which provides for original jurisdiction of Plaintiff's

claims arising under the laws of the United States and over actions to secure equitable and other

relief.

4.      This Court has jurisdiction over Plaintiff's claims under the statutory and

common law of the Commonwealth of Pennsylvania pursuant to supplemental jurisdiction as codified by 28 U.S.C. Section 1367 as Plaintiff was working for Coleman Hall located at 3950 D Street, Philadelphia, PA 19124.

5.     Named Plaintiff, Julie Josephs, has exhausted all administrative remedies, having filed timely complaints of age and national origin discrimination, retaliation and wrongful termination/discharge with the Pennsylvania Human Relations Commission and U.S. Equal Employment Opportunity Commission as required in the individual statutes and has taken all other necessary action to bring this matter before this Court.

## VENUE

6.     All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve a Plaintiff who was employed within its jurisdictional limits and a Defendant who performs business within its jurisdictional limits.

7.     Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. Section 1391(B) and 1391(c).

## PARTIES

8.     Plaintiff, Julie Josephs, is an 49 year old female, whose national origin from Jamaica, and citizen of the United States and a resident of the Commonwealth of Pennsylvania residing at 8401 Lynnewood Road, Philadelphia, PA 19150.

9.     Defendant, Community Education Centers, Inc. d/b/a Coleman Hall is a corporation or other duly authorized legal entity operating in the Commonwealth of

Pennsylvania at 3950 D Street, Philadelphia, PA 19124.

## FACTUAL ALLEGATIONS OF NAMED PLAINTIFF

10.     In March of 2009, Plaintiff, Julie Josephs, was hired by Defendant as a Senior Counselor.

11.     Plaintiff's job duties involved working with inmates coming out of prison.

12.     In doing that, Plaintiff would make appointments for them with the department of welfare, drug and alcohol counselors, psychologists, probation officers, family courts and other programs.

13.     Plaintiff's supervisor was Tyshuna Bolton until she was terminated in December of 2010.

14.     Thereafter, Plaintiff's supervisor was Andrea Harris, Manager.

15.     In May of 2010, Plaintiff learned from Nelson Coffield, Derrick Drayton and Shamar Bonds, that Ms. Harris had told them to write up grievances against Plaintiff.

16.     Ms. Harris did not asked these individuals to write up grievances for any other employees.

17.     After being informed of these actions, Plaintiff immediately notified Bernice Taylor, Director of Operations.

18.     Ms. Taylor said she would investigate and shortly after informed these individuals not to do what Ms. Harris had instructed.

19.     In June of 2010, Ms. Harris ridiculed Plaintiff in front of many others for using "had" instead of "has."

20.     Plaintiff reported said behavior to Dawn Lynch, Deputy Director, but nothing was

done and this behavior continued.

21.     In October of 2010, Dawn Lynch was suspended with intent to dismiss and eventually terminated on December 3, 2010 for falsifying employee write-ups.

22.     On November 11, 2010, Ms. Harris informed Plaintiff that she was going to be written up because one of her clients (Tyrone Smith) absconded after being set up for an appointment with welfare by the Plaintiff.

23.     Plaintiff never received anything in writing for this.

24.     Other employees have not been written up for the same instance.

25.     On December 2, 2010, Plaintiff was verbally informed by John Curl, Director, that she was suspended with intent to dismiss based on writeups from  November 11, 2010 (Tyrone Smith) and a written warning that was made on December 10, 2010 for the closing of file folders, which occurred back in July of 2010.

26.     Mr. Curl had other writeups on his desk related to Plaintiff that she had no knowledge about and that Mr. Curl refused to make copies for Plaintiff.

27.     Plaintiff was asked to leave the premises without any explanation.

28.     Plaintiff was never told that she was terminated or why she was terminated.

29.     During Plaintiff's employment, Ms. Harris stated to Plaintiff that she "wouldn't eat goat" and laughed at Plaintiff.

30.     Ms. Harris would also associate Plaintiff with Bob Marley because Plaintiff was Jamaican.

31.     On numerous occasions, Ms. Harris criticized foreigners for "coming to the United States with accelerated degrees and trying to take American jobs."

32.     During the time period where Plaintiff was interviewing for a director position,

Ms. Harris said "no way the black bitch is going to be her new boss."

33.　　Plaintiff was fully qualified for the new position.

34.　　Plaintiff was not hired for the new position.

35.　　It is believed and therefore averred that Ms. Harris instructed security officers to pull passes for Plaintiff's clients.

36.　　Plaintiff was disciplined multiple times for her passes not being in the computer, despite the fact that several individuals working for the Defendant informed both Plaintiff and management that Ms. Harris was pulling passes herself and instructing others to do so.

37.　　At all times relevant hereto, Plaintiff completed all the job duties required under her title and as management instructed her to do.

<u>COUNT I</u>
**NATIONAL ORIGIN DISCRIMINATION**

38.　　Plaintiff repeats and re-alleges paragraphs 1 through 37 as though fully set forth herein.

39.　　 Plaintiff alleges that her claim arises under Title VII of the Civil Rights Act of 1964 and 42 U.S.C.A. § 2000e et seq.

40.　　Plaintiff further alleges that Defendant, by and through its employees, subjected Plaintiff to harassing behavior and treated her differently than other employees similarly situated based solely on her national origin.

41.　　Plaintiff further alleges that said actions and inactions taken by Defendant, by and through its employees, were unwanted, unprovoked and unwelcome.

42.　　Plaintiff complained of said behavior to both the offending party and management, but the Defendant took no action.

43.     Plaintiff further alleges that she belongs to a protected group under Title VII.

44.     Plaintiff further alleges that the behavior described above, combined with Defendant's institutional refusal to address, correct and/or to prevent Defendant's employees' conduct at any level, made it perfectly clear that Plaintiff's employment was conditioned on accepting it.

45.     Plaintiff further alleges that Defendant knew or should have known, from the many complaints, that it should have taken reasonable steps to correct the situation, but willfully failed to do so.

46.     As a direct and proximate result of Defendant's acts and/or omissions, the Plaintiff has sustained numerous physical, emotional and psychological injuries, some of which are permanent in nature, including, but not limited to, severe emotional distress, depression, humiliation, embarrassment, and other related physical injuries.

47.     As a further direct and proximate result of Defendant's actions and/or omissions, the Plaintiff has incurred and will continue to incur substantial expenses for medical care and attention, has suffered and will continue to suffer much physical pain and mental anguish, and has suffered a loss of wages and a loss in her wage-earning capacity.


## COUNT II
## RETALIATION

48.     Plaintiff repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49.     Defendants violated the anti-retaliation provisions of the Civil Rights Act of 1964, 42 U.S.C. Section 2000E - 3a in that it retaliated against the named Plaintiff for having reported Ms. Harris to various members of management within the company.

50.      Specifically, after Plaintiff reported Ms. Harris to management, she began pulling Plaintiff's passes and instructing others to do so.

51.    It is believed and therefore averred that Ms. Harris made up false write-ups against Plaintiff in an attempt to get her fired.

## COUNT III
## COMMON LAW WRONGFUL TERMINATION

52.    Plaintiff repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53.    The treatment accorded Plaintiff by Defendant, as specified in the preceding paragraphs, violates Commonwealth of Pennsylvania common law, in that such treatment constitutes a wrongful termination resulting in an unlawful withholding of pay and other benefits.

54.     Defendant's termination of Plaintiff's employment was wrongful, violated public policy and designed to deprive plaintiff of benefits to which she was legally entitled.

56.    Defendant's excuse and/or reason for terminating Plaintiff's employment is simply a pretext for the actual reasons which are both wrongful and illegal.

57.    As a direct and proximate result of the Defendant's actions and inactions, Plaintiff is being denied pay and benefits due to her.

58.    She has suffered and continues to suffer significant losses in the form of lost pay, lost pension benefits, lost health insurance, lost life insurance, lost earned but unused vacation pay, personal and professional humiliation, mental and emotional distress, and damage to her physical health and well-being.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Enter a declaratory judgment that Defendant acted as complained of herein;

2.     Award to Plaintiff punitive and exemplary damages against Defendant in an

       adequate and proper monetary amount;

3.     Award to Plaintiff damages for emotional distress, humiliation and loss of self

       esteem, the loss of life's pleasures and a loss of her ability to provide for herself

       and her family;

4.     Grant the above-named Plaintiff liquidated and consequential damages in

       accordance with appropriate state and federal statutes;

5.     Grant to Plaintiff prejudgment interest in an appropriate amount;


6.     Grant to Plaintiff costs, disbursements and reasonable attorney fees;

7.     Grant to Plaintiff such other relief as  this Honorable Court deems just and proper

       under the circumstances of this case


                              Respectfully submitted,
                              SAFFREN & WEINBERG



                      BY: _____
                              MARC A. WEINBERG, ESQUIRE
                              815 Greenwood Avenue, Suite 22
                              Jenkintown, PA 19046
                              (215) 576-0100